UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KENNEDY,

    Plaintiff,

v.

Case No. 2:19-cv-13210
Hon. Sean F. Cox

ANTHONY H. STEWART,
KEVIN LINDSEY,
LT. CURTIS, AND
JOHN DOE,

    Defendants.
_____/

## **OPINION AND ORDER OF PARTIAL DISMISSAL**

### I. Introduction

David J. Kennedy, confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint. For the reasons stated below, the Court will dismiss Plaintiff's claims against Defendants Stewart, Lindsey, and Doe. The case may proceed against Defendant Curtis on Plaintiff's First Amendment retaliation claim.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read

1

Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

Plaintiff asserts that he was elected as a Housing Unit Representative/Warden Forum Member at his facility, and he served on the Food Service Committee. As part of his participation on that committee, Plaintiff asserts that he regularly complained to the facility's administration regarding the quality of food services.

Plaintiff asserts that on August 29, 2017, Defendant Curtis informed him that he had "pissed him off" with his complaints, and that "[i]f you keep making trouble then I'm going to show you're touchable and make trouble for you." Dkt. 1, ¶ 18.

On August 30, Plaintiff again complained about the food service at a Warden Forum's meeting, and the following day Plaintiff was placed in cuffs and told by a corrections officer, "you must have really pissed Lt. Curtis off. He has it out for you about your activities on the Forum." ¶ 21. Plaintiff was then placed in administrative segregation. Plaintiff claims that on September 1, he learned that Curtis had filed a false misconduct ticket, charging him with threatening another prisoner. Plaintiff claims he was told by another officer that it was the result of "pissing off" Lt. Curtis.

Plaintiff states that on September 2, he complained to Defendant Stewart and Lindsey, the Warden and Deputy Warden of the facility, about the false misconduct charge, but they did not respond to his kites.

2

Plaintiff further claims that his administrative segregation cell's window would not open, and that the "chuckhole" was kept closed which caused poor ventilation. He also states that the staff would not allow him to go outside for exercise or fresh air. Plaintiff asserts that Defendants Mask and Doe were responsible for the conditions of his cell. He claims the poor air in his cell impaired his lung function, as he suffers from sarcoidosis. Plaintiff filed a grievance regarding the condition of his cell.

A major misconduct hearing was held on the report filed by Defendant Curtis on September 13. Because staff were unable or unwilling to produce the prisoner who was said to have overheard Plaintiff's threat to another prisoner, the hearing officer dismissed the misconduct charge. Plaintiff was released from administrative segregation on that date.

Plaintiff claims that Defendant Curtis violated his First Amendment rights by retaliating against him by filing a false misconduct charge as a result of his complaints during the Warden's Forum. He asserts that Defendants Stewart and Lindsey violated his constitutional rights by failing to respond to his kites about the conditions of his cell. Finally, he asserts that Defendants Mask and Doe violated his Eighth Amendment rights due to the poor ventilation in his administrative segregation cell.

**IV. Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the

deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

A. First Amendment - Retaliation

Plaintiff asserts that Defendant Curtis retaliated against him by filing a false misconduct report resulting in his transfer to administrative segregation because of his complaints about food service at the Warden's Forum meetings.

A First Amendment retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

As to the first element, a prisoner's assistance to other inmates in his role as a Warden's Forum representative is protected conduct. *King v. Zamiara*, 150 F. App'x 485, 492 (6th Cir. 2005).

As to the second element, "[w]hether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact" best left to the jury to decide. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). The Sixth Circuit has held that, "[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse," *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc), and that actions that result in

4

"more restrictions and fewer privileges for prisoners" are also considered adverse. *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010).

Finally, Plaintiff clearly makes allegations sufficient to sustain the third element as he asserts that other corrections officers told him that he was issued the false misconduct charge specifically because Defendant Curtis was upset about his complaints at the forum.

Accordingly, the case may proceed against Defendant Curtis on Plaintiff's First Amendment retaliation claim.

The Court notes that Plaintiff mentions Defendant Mask in connection with this claim, asserting that he conspired with Curtis to file the false misconduct report. Beyond that legal conclusion, however, Plaintiff asserts no *facts* in support of this claim. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). The conclusory legal allegations against Defendant Mask fail to state a claim and will be dismissed.

B. Eighth Amendment

Plaintiff asserts that Defendants Mask and Doe were responsible for the poor ventilation in his administrative segregation cell, violating his Eighth Amendment rights. He asserts he was confined in the cell from September 1 until September 13.

5

To state a viable Eighth Amendment conditions-of-confinement claim, Plaintiff must allege a deprivation that is objectively, sufficiently serious. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Constitution does not mandate comfortable conditions of confinement, *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but tolerates "routine discomfort" as part and parcel of the punishment criminal offenders must endure. *Hudson*, 503 U.S. at 9. To state a claim, "extreme deprivations are required." *Id.*

Presuming the truth of Plaintiff's factual allegations and viewing the complaint in the light most favorable to him, the conditions of his confinement were not so extreme as to make plausible his claim of cruel and unusual punishment. See *King v. Berghuis*, No. 1:10-cv-57, 2010 WL 565373, at *3 (W.D. Mich. Feb. 13, 2010) ("[A]bsent such extreme conditions raising serious risks to prisoner health, the courts routinely have determined that claims concerning [cell] ventilation were insufficient to state an Eighth Amendment claim.") (collecting cases). While Plaintiff claims that the poor ventilation adversely affected his sarcoidosis, he does not assert a serious risk to his health as a result of his two-week confinement. Plaintiff's Eighth Amendment claim against Defendants Mask and Doe will be dismissed.

C. Respondeat Superior

Plaintiff asserts Warden Stewart and Deputy Warden Lindsey are liable to him for their failure to take corrective action regarding the complained-of acts by

6

their subordinates. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576. Accordingly, plaintiff fails to state a claim against Defendants Stewart and Lindsey.

## V. Conclusion

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim against Defendants Anthony Stewart, Kevin Lindsey, Sgt. Mask, and John Doe.

**IT IS FURTHER ORDERED** that the case may proceed with respect to Defendant Curtis on Plaintiff's First Amendment retaliation claim.

Dated: November 14, 2019      s/Sean F. Cox
                              Sean F. Cox
                              U. S. District Judge

7