UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KENNEDY,

       Plaintiff,

v.

LT. JOSH CURTIS,

       Defendant.

_____/

Case No. 2:19-cv-13210
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY DEFENDANT LT. JOSH CURTIS' MOTION FOR SUMMARY JUDGMENT (ECF No. 20)**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff David J. Kennedy, proceeding *pro se*, filed a complaint alleging that defendants Anthony H. Stewart, Kevin Lindsey, Lt. Josh Curtis, and Sgt. Mask violated his constitutional rights.  Specifically, he alleged that he was retaliated against for protected speech, subjected to cruel and unusual punishment in violation of the Eighth Amendment, and denied due process under the Fourteenth Amendment.  *See* ECF No. 1.  All of Kennedy's claims except for his retaliation claim against Curtis have been dismissed.  *See* ECF No. 5.

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 25).  Before the Court is Curtis' motion for summary

1

judgment on the grounds that Kennedy failed to exhaust his administrative

remedies before filing suit.  *See* ECF No. 20.  For the reasons that follow, the

undersigned recommends that Curtis' motion be DENIED.

## II. Background

In the complaint, Kennedy alleges that while incarcerated at the G. Robert

Cotton Correction Facility (JCF), he was elected to serve on the Food Service

Committee by the other members of the Warden's Forum.  (ECF No. 1, PageID.3).

In the course of his duties on the Food Service Committee, "[Kennedy] made

continuous complaints to JCF administration during Warden's Forum meetings

concerning the ill practices of Trinity Food Service.  [Kennedy] also rendered very

poor scores on the food evaluation forms after testing the meals on a regular basis."

(*Id.*, PageID.4).

Kennedy alleges that on or about August 29, 2017, Curtis approached him

and said, "[Y]ou have pissed the wrong people off by making complaints about the

food and I'm one of those people.  You are not untouchable because you are a

Warden's Forum Member.  If you keep making trouble then I'm going to show

you're touchable and make trouble for you."  (*Id.*).  The next day, August 30, 2017,

Kennedy again complained about Trinity Food Service at a Warden's Forum

meeting.  (*Id.*).  The following day, August 31, 2017, Sgt. Houtz handcuffed

Kennedy and stated, "[Y]ou must have really pissed Lt. Curtis off.  He has it out

for you about your activities on the Forum, what did you do?" (*Id.*).  Mask later

told Kennedy, "You shouldn't have pissed the L.T. off and done what you did to

get yourself in this situation." (*Id.*, PageID.5).  Kennedy was then placed in

administrative segregation.  (*Id.*, PageID.4-5).  Kennedy later learned that Curtis

had filed a misconduct ticket against him, charging him with threatening behavior

and creating a disturbance for an incident alleging to have occurred on August 31,

2017.  (*Id.*, PageID.5).

A hearing was held on September 13, 2017.  Kennedy was found not guilty

on the misconduct.  (*Id.*, PageID.7, 31-32).  Notably, the hearing investigator found

in part:

> The record present reveals quite justifiable reasons for dismissal of
> these charges based on substantive due process grounds, including the
> facility's failure or refusal to respond to requests for information from
> the Hearings Investigator.  The prisoner did present his defense and this
> matter was schedule [sic] for the final day for a timely hearing,
> however.  The prisoner is therefore entitled to determinations based on
> the merits of the charges.
>
> HO finds absolutely no credible or substantial evidence in the record
> for the factual allegations.  There is no allegation in the misconduct
> report sufficient to even support the (432) [creating a disturbance]
> charge.
>
> The facility's contentions are exclusively based on Lt. Curtis' report of
> a double-hearsay report from a "confidential informant" [it is noted
> parenthetically that the MDOC does not sanction the use of
> "informants"; the MDOC does have and use "confidential witnesses"]
> that prisoners Kennedy and Swackhammer . . . while on the yard on
> 08/31/17, threatened to "stab" other prisoners if they attended the lunch
> or dinner meal. . . .

…

The record documents that the Hearings Investigator sent numerous very relevant critical questions to the Lieutenant regarding the need to questions the witness.  The report further shows that the facility failed or refused to response.  The charged prisoner's claims and defenses were not meaningfully investigated.

…

The record here easily gives rise to the inferences that either the facility did not in fact have a "confidential informant," or that the facility did not itself have confidence in the witness's verbal report to Lt. Curtis, or that there was a reason other than the integrity of the misconduct process for bringing the charges, confining the prisoner and failing to cooperate afterwards.  Regardless of which inference is more correct, it was a misuse of the hearings process.

(ECF No. 20-4, PageID.201-202).

### III.  Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing

4

that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' "  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Kennedy is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law."  *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' "  *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

## IV.  Analysis

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that

the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan]

6

Department of Corrections' procedural rules, inmates must include the '[d]ates,

times, places and names of all those involved in the issue being grieved' in their

initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  As

noted by the Court in *Woodford*, one of the purposes of requiring proper

exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own

errors." *Woodford*, 548 U.S. at 94.  To be sufficient, a grievance need not "allege a

specific legal theory or facts that correspond to all the required elements of a

particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Nonetheless, the grievance must give "fair notice of the alleged mistreatment or

misconduct that forms the basis of the constitutional or statutory claim made

against a defendant in a prisoner's complaint." *Id.*

Specifically, under MDOC Policy Directive 03.02.130, prisoners must

provide the following information at Step I of the grievance process: "The issues

should be stated briefly but concisely.  Information provided is to be limited to the

facts involving the issue being grieved (i.e., who, what, when, where, why, how).

Dates, times, places, and names of all those involved in the issue being grieved are

to be included." MDOC Policy Directive 03.02.130(R) (underscoring omitted).

Here, Kennedy filed three grievances related to the aforementioned events.

*See* ECF No. 20-3.

In Grievance ID # JCF-17-09-2169-5A, filed on September 5, 2017, Kennedy alleged that changes were made to the misconduct report after he reviewed it, which was a violation of MDOC procedure.  (ECF No. 20-3, PageID.198).

In Grievance ID # JCF-17-09-2275-3F, filed on September 15, 2017, Kennedy alleged "discrimination, retaliation, and inhumane treatment."  (*Id*., PageID.186).  In regard to retaliation, Kennedy stated, "Grievant has been informed that he has not been placed in H-Unit even though he is registered in the college program and still a member of the Warden's Forum as a form of retaliation for being rendered a not guilty finding on the charges that were bestowed upon him by Lt. Curtis."  (*Id*., PageID.187).

In Grievance ID # JCF-17-10-2329-17I, filed on September 24, 2017, Kennedy alleged that Curtis falsified the misconduct ticket.  (*Id*., PageID.192-193).  This allegation was premised on the hearing officer finding that "there was no credible or substantial evidence to support what grievant was charged with. . . ."  (*Id*., PageID.193).

Curtis argues that Kennedy did not exhaust his administrative remedies because none of the grievances "specifically allege that Lt. Curtis issued the ticket *in retaliation for his complaints during the Warden's Forum meetings*."  (ECF No. 20, PageID.164) (emphasis in original).  The undersigned finds that this argument

8

cuts too fine.  In Grievance ID # JCF-17-09-2275-3F, Kennedy alleged

"discrimination, *retaliation*, and inhumane treatment."  (*Id*., PageID.186)

(emphasis added).  He also stated, "Grievant has been informed that he has not

been placed in H-Unit even though he is registered in the college program and *still*

*a member of the Warden's Forum as a form of retaliation for being rendered a not*

*guilty finding on the charges that were bestowed upon him by Lt. Curtis.*"  (*Id*.,

PageID.187) (emphasis added).  Kennedy's statement provides fair notice to Curtis

that he has alleged the misconduct ticket was issued in retaliation for *his* actions as

being a member of the Warden's Forum.  Further, in Grievance ID # JCF-17-10-

2329-17I, Kennedy alleged that Curtis falsified the misconduct ticket against him.

While this grievance does not mention retaliation specifically, it reasonably alleges

that Kennedy believed Curtis issued the misconduct ticket without good cause,

inferring it was for an improper purpose, as the Hearing Investigator similarly

inferred.  As another court noted, "[t]he MDOC policy does not contain a precise

description of the necessary degree of factual particularity required of prisoners."

Rather, "a grievant need only 'object intelligibly to some asserted shortcoming'

and need not 'lay out facts, articulate legal theories, or demand particular relief.'

" *Davison v. MacLean*, No. 06-12755, 2007 WL 1520892, *5 (E.D. Mich. 2007)

(citing *Burton*, 321 F.3d at 575).

9

Here, Kennedy grieved the subject matter of the remaining claim in this case – Curtis' issuance of the misconduct ticket which Kennedy alleges was in retaliation for Kennedy's actions.  As such, Curtis was given a fair opportunity to address the grievance on the merits.  At the very least, Curtis did not carry his summary judgment burden to show Kennedy's retaliation claim was unexhausted.  Accordingly, Kennedy's claim against Curtis is not subject to dismissal for failure to exhaust administrative remedies.

## V. Conclusion

For the reasons stated above, the undersigned recommends that Curtis' motion be DENIED.

Dated: July 12, 2021                             s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager