UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David J. Kennedy,

      Plaintiff,

v.                                                                     Case No. 19-13210

Josh Curtis,                                                    Sean F. Cox
                                                                      United States District Court Judge

      Defendant.

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## JULY 12, 2021 REPORT AND RECOMMENDATION

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff David Kennedy ("Kennedy") on behalf of himself, proceeding *pro se*, filed a complaint alleging that defendants violated his constitutional rights. (ECF No. 1.) All of Kennedy's claims except for his retaliation claim against Lt. Josh Curtis  ("Curtis") have been dismissed. (ECF. No. 5). Specifically, Kennedy alleges that Curtis retaliated against Kennedy for exercising his right to free speech and for filing grievances "by falsely charging Plaintiff, due process violation, having Plaintiff wrongfully confined in Administrative Segregation and removed as the Housing Unit Representative/Warden's Forum Member[.]" (ECF No. 1, at PageID 8).

Pursuant to 28 U.S.C. § 636(b)(1), all pretrial matters were referred to Magistrate Judge Kimberly G. Altman. On April 27, 2021, Curtis filed a motion for summary judgment arguing that Kennedy failed to exhaust his administrative remedies against Curtis as required under 42 U.S.C. § 1983. (ECF No. 20). On July 12, 2021, the magistrate judge issued a Report and Recommendation ("R&R") concluding that Kennedy had sufficiently exhausted his administrative remedies and therefore recommended that the Court deny Curtis's motion. (ECF No. 28).

1

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On July 23, 2021, Curtis filed a timely objection to the magistrate judge's R&R. (ECF No. 29). Kennedy did not respond to the objection.

In his complaint, Kennedy alleges that Curtis retaliated against him for excising his right to free speech – when Kennedy complained about Trinity Food Service. (ECF No. 1, at PageID 4). After Kennedy complained about the food, from August 29 to August 31, 2017, Curtis made threatening statements to Kennedy and other people told Kennedy that he "pissed off" Curtis by complaining. (ECF No. 1, at PageID 3). On September 1, 2017, Curtis issued Kennedy a misconduct ticket. (ECF No. 1, at PageID 5). After the misconduct ticket was issued, Kennedy was placed in segregation for 14 days. (ECF No. 20-3, at PageID 187). On September 15, 2017, the MDOC found Kennedy not guilty of misconduct after a hearing. (ECF No. 20-4, at PageID 201-202). When Kennedy was released from segregation after the MDOC's finding, he was not placed in his prior unit and was not able to resume his duties as the non-white block representative. (ECF No. 20-4, at PageID 187).

A prisoner must exhaust his administrative remedies before he can bring an action with respect to prison conditions under § 1983. 42 U.S.C. § 1997(e). "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the "critical procedural rules" of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance "on the merits" in the first instance." *Reed-Bey*

*v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Specific to this case, the Michigan Department of Corrections ("MDOC") requires prisoners to include the "dates, times, places and names of all those involved in the issue being grieved in their initial grievance." *Reed-Bey*, 603 F.3d at 324 (citing MDOC Policy Directive 03.02.130).

Here, Kennedy filed two grievances relevant to the retaliation claim against Curtis. In Grievance ID #JCF-17-09-2275-3f, Kennedy stated, "Grievant has been informed that he has not been placed in H-Unit even though he is registered in the college program and still a member of the Warden's Forum as a form of retaliation for being rendered a not guilty finding on the charges that were bestowed upon him by Lt. Curtis." (ECF No. 20-3, at PageID 187). In Grievance ID #JCF-17-10-2329-17I, Kennedy alleged that Curtis falsified the misconduct ticket. (ECF No. 20-3, at PageID 192-193).

Curtis's objection argues that "Kennedy did not grieve the subject matter of the remaining claim in this case – Lt. Curtis' issuance of the misconduct ticket in alleged retaliation for Kennedy's actions." (ECF No. 29, PageID.275). Curtis argues that the "retaliation" mentioned in Grievance JCF-17-09-2275-3f was "not about Lt. Curtis' allegedly retaliatory misconduct ticket which he had already beaten at that point." (ECF No. 29, at PageID 277).

However, as the magistrate judge noted, in the grievances, Kennedy only needed to give Curtis "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Davison v. MacLean*, No. 06-12755, 2007 WL 1520892, *5 (E.D. Mich. 2007) (citing *Burton*, 321 F.3d 569, 575 (6th Cir. 2003)). "The MDOC policy does not contain a precise description of the necessary degree of factual particularity required of prisoners." *Id*. At a minimum, Kennedy's grievance must "object intelligibly to some asserted shortcoming." *Id*. Between the factual allegations in the two

3

grievances above, the Court agrees with the magistrate judge's analysis and conclusion that Kennedy sufficiently grieved the subject matter of the retaliation claim against Curtis.

For these reasons, the Court agrees with the analysis and conclusion in the R&R. Accordingly, the Court OVERRULES Curtis's objection (ECF No. 29) and ADOPTS the magistrate judge's July 12, 2021 Report and Recommendation. (ECF No. 28).

**IT IS SO ORDERED**.

Dated:  November 3, 2021                                    s/Sean F. Cox
                                                           Sean F. Cox
                                                           U. S. District Judge