UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KENNEDY,

      Plaintiff,

v.

LT. JOSH CURTIS,

      Defendant.

_____/

Case No. 2:19-cv-13210
District Judge Sean F. Cox
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
TO AMEND/CORRECT COMPLAINT (ECF No. 45)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff David J.
Kennedy, at the time proceeding *pro se*, filed a complaint alleging that Defendants
Anthony H. Stewart, Kevin Lindsey, Lt. Josh Curtis, and Sgt. Mask violated his
constitutional rights. Specifically, he alleged that he was retaliated against for
protected speech, subjected to cruel and unusual punishment in violation of the
Eighth Amendment, and denied due process under the Fourteenth Amendment.
*See* ECF No. 1. All of Kennedy's claims except for his retaliation claim against
Curtis have been dismissed. *See* ECF No. 5.

1

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 25).  Before the Court is Kennedy's motion to amend/correct the complaint.  (ECF No. 45).  For the reasons that follow, the undersigned RECOMMENDS that the motion be DENIED.

## II.    Background

On April 27, 2021, Curtis filed a motion for summary judgment on the grounds of exhaustion.  (ECF No. 20).  The undersigned issued a report and recommendation on July 12, 2021, recommending that the motion be denied. (ECF No. 28).  On November 3, 2021, the report and recommendation was adopted.  (ECF No. 32).  The undersigned then entered a scheduling order setting a discovery deadline of March 14, 2022.  (ECF No. 33).  Shortly thereafter, Kennedy filed a motion for the appointment of counsel which the undersigned granted. (ECF No. 36).  Counsel filed notices of appearance on January 2, 2022 and January 3, 2022.  (ECF Nos. 37, 39).

Following the appearance of counsel, on January 11, 2022, the undersigned held a telephone conference with the parties to discuss scheduling as the March discovery deadline was approaching.  The parties requested an additional 60 days for discovery.  The undersigned granted the request and entered an amended scheduling order setting a discovery cut-off of May 16, 2022.  (ECF No. 40).  The

parties later stipulated to yet another extension of discovery, again for an additional 60 days, until July 15, 2022. (ECF No. 43).

Following the close of discovery, on July 21, 2022, Curtis filed a motion for leave to file a second dispositive motion based on the merits, (ECF No. 44), which is the subject of a separate order entered this date.

Also after the close of discovery, on July 22, 2022, Kennedy filed the instant motion to amend/correct the complaint. The motion is fully briefed. *See* ECF Nos. 46, 47, 48, 49.

### III. Analysis

Amendments to pleadings before trial are governed by Fed. R. Civ. P. 15(a). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' " *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' "

3

*Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.' " *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

Moreover, because discovery was closed at the time the motion to amend/correct was filed, Kennedy "first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003); *see also Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. 2013). A modification of the scheduling order by leave of court is appropriate only when a relevant deadline " 'cannot reasonably be met despite the diligence of the party seeking the extension.' " *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16, ACN to 1983 amend.). "As such, the moving party's diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard." *E.E.O.C. v. U-Haul Intern., Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT & T Corp.*, No. 2:05–cv–374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

4

Here, Kennedy moves to amend/correct his complaint because of new information discovered during Curtis' deposition.[1]  *See* ECF No. 46.  In particular,

> Lt. Curtis admitted during his deposition (1) that he met with proposed additional Defendants Lindsey and [Doug] Smith to discuss Plaintiff before Plaintiff's transfer to administrative segregation, (2) that he informed them that the ticket was unsustainable, (3) that they encouraged, approved, and/or ordered him to move forward with the known false Misconduct Ticket, and (4) that he did not himself order Plaintiff's removal as Housing Unit Representative/ Warden's Forum Member, and lacked the authority to do so.

(ECF No. 46, PageID.398-399).  On the basis of this new information, Kennedy seeks to add Deputy Wardens Lindsey and Smith as defendants.  (*Id.*, PageID.399).

The undersigned accepts Kennedy's contention that he could not have learned this information before Curtis' deposition occurred on June 14, 2022.  However, the undersigned finds that Kennedy's failure to move to amend/correct the complaint between June 14, 2022 (the date of Curtis' deposition), and the close of discovery on July 15, 2022, demonstrates a lack of diligence and constitutes undue delay.  This 31-day period provided Kennedy with plenty of time to move to amend/correct the complaint.

Moreover, the undersigned finds that Curtis would be prejudiced by the untimely amendment/correction of the complaint.  "Where discovery is completed,

---

[1] Although Kennedy states that Curtis was deposed on June 30, 2022, the deposition itself is dated June 14, 2022.  (ECF No. 46, PageID.398; ECF No. 46-2, PageID.457).

the burden imposed on the defendant by allowing an amendment is greater,"
*Holland v. Metro. Life Ins. Co.*, 869 F.2d 1490 (6th Cir. 1989), and the Sixth
Circuit has "repeatedly held that allowing amendment after the close of discovery
creates significant prejudice." *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x
918, 921 (6th Cir. 2006).  Curtis has already filed a motion for leave to file a
second dispositive motion based on the merits, (ECF No. 44), demonstrating that
he is prepared to proceed into the dispositive motion phase of this case.  If this
Court allowed Kennedy to amend/correct the complaint, it would necessitate the
reopening of discovery and delay the case's progression to the dispositive motion
phase and potentially trial.

Accordingly, the Court should deny Kennedy's motion to amend/correct the
complaint.  Because Kennedy has failed to establish entitlement to amendment
under both Rule 15(a)(2) and Rule 16(b), the parties' other arguments concerning
Fed. R. Civ. P. 15(c) (relation back) and futility need not be addressed.  However,
for the sack of completeness they will be briefly addressed below.

In order to amend a complaint, the amendment must relate back to the date
of the original complaint.  Fed. R. Civ. P. 15(c).  An amendment relates back
when:

(A) the law that provides the applicable statute of limitations allows
relation back;

6

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The issue here rests with the requirements of Fed. R. Civ. P. 15(c)(1)(C). Neither of the proposed defendants received notice of this lawsuit within the period provided for service (120 days). Although one of the proposed defendants was named in the original complaint—Lindsey—he was never served with a copy of the summons and complaint. This is because he was dismissed at the screening stage and service does not occur until after screening is completed. Thus, neither Lindsey nor Smith were notified of this lawsuit within the requisite period, meaning the requirements of Rule 15(c) are not satisfied.

Finally, Curtis argues that the addition of Lindsey and Smith would be futile because Kennedy failed to exhaust his administrative remedies as to them. The Prison Litigation Reform Act requires prisoners to "properly" exhaust all

"available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). One of the requirements of proper exhaustion at the Michigan Department of Corrections is the inclusion of the names of those who are being grieved in the prisoner's initial grievance. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). Because Kennedy admits he did not know about the involvement of Lindsey and Smith with regard to the creation of the allegedly falsified misconduct report, it necessarily follows that he could not have filed a grievance against them for their alleged involvement in illegal conduct. Therefore, Kennedy was unable to properly exhaust his administrative remedies against Lindsey and Smith and would be unable to successfully sue them in federal court at this time.

## IV.    Conclusion

For the reasons set forth above, the undersigned RECOMMENDS that Kennedy's motion to amend/correct the complaint, (ECF No. 45), be DENIED.


Dated: August 10, 2022              s/Kimberly G. Altman
Detroit, Michigan                   KIMBERLY G. ALTMAN
                                    United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as

8

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without

merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2022.


s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager

10