UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KENNEDY,

    Plaintiff,

v.                                                         Case No. 19-13210

JOSHUA CURTIS,                           Sean F. Cox
                                                               United States District Court Judge

    Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 54)**
**AND ADOPTING THE MAGISTRATE JUDGE'S**
**AUGUST 10, 2022 REPORT AND RECOMMENDATION (ECF No. 51)**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff David J. Kennedy ("Kennedy") on behalf of himself, at the time proceeding *pro se*, filed a complaint alleging that defendants violated his constitutional rights. (ECF No. 1.) Specifically, Sedore alleges that defendants retaliated against him for protected speech, subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and denied him due process under the Fourteenth Amendment. (*See* ECF No. 1).

Pursuant to 28 U.S.C. § 636(b)(1), all pretrial matters were referred to Magistrate Judge Kimberly G. Altman. On July 22, 2022, Kennedy filed a motion to amend/correct the complaint to add two new defendants based on information discovered during Defendant Joshua Curtis' ("Curtis") deposition on June 14, 2022. (ECF No. 45).

On August 4, 2022, the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court deny the motion because Kennedy's "failure to move to amend/correct the complaint between June 14, 2022 (the date of Curtis' deposition), and the close of discovery on July 15, 2022, demonstrates a lack of diligence and constitutes undue delay." (ECF No. 51, at

1

PageID 574). Additionally, the magistrate judge found that "Curtis would be prejudiced by the untimely amendment/correction of the complaint" because "it would necessitate the reopening of discovery and delay the case's progression to the dispositive motion phase and potentially trial." (ECF No. 51, at PageID 575). As such, the magistrate judge concluded that "Kennedy has failed to establish entitlement to amendment under both Rule 15(a)(2) and Rule 16(b)[.]" (ECF No. 51, at PageID 575).

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On August 23, 2022, Kennedy filed a timely objection to the magistrate judge's R&R. (ECF No. 54). Curtis did not respond to the objection.

To properly object to the R&R, a plaintiff must do more than simply restate the arguments set forth in his motion. *Senneff v. Colvin,* 2017 WL 710651 at * 2 (E.D. Mich. Feb. 23, 2017). Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n 1 (6th Cir. 2000). A district court judge may designate a magistrate judge to hear and determine pretrial matters pursuant to 28 U.S.C. § 636(b)(1).  When a magistrate judge hears and determines a non- dispositive motion (i.e., one that is not enumerated in § 636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*.; *see also* FED. R. CIV. P. 72.

2

In Kennedy's first objection, he disagrees with the magistrate judge's conclusion that the 31-day period in between Curtis' deposition and the close of discovery was enough time to move to amend the complaint. (ECF No. 54, at PageID 922-923). Kennedy argues that this conclusion "disregards both the realities of civil litigation and circumstances of Kennedy's filing." (ECF No. 54, at PageID 923). To support this argument, Kennedy gives three reasons: (1) his counsel, Rachel K. Wolfe and Teresa J. Gorman, are both solo practitioners and that they did not have enough time to do the research and draft the amended complaint; (2) they are busy due to increased caseloads from the reopening of court proceedings post-COVID shutdowns; and (3) there are delays in their communications with Kennedy while he is incarcerated. (ECF No. 54, at PageID 923).

It is undisputed that Ms. Wolfe and Ms. Gordon had 31 days to move to amend/correct the complaint before the close of discovery. While the Court acknowledges that they may have been busy during this time, 31 days is not an unreasonable time period to draft and file a motion to amend/correct the complaint. If Ms. Wolfe and Ms. Gordon believed that despite due diligence, they could not file a motion to amend/correct the complaint before the close of discovery, they could have sought leave to modify the scheduling order on a showing of good cause. *See E.E.O.C. v. U-Haul Intern., Inc.*, 286 F.R.D. 322, 326 (W.D. Tenn. 2012). Ms. Wolfe and Ms. Gordon did not do so.

As to the delays in communications with Kennedy, Ms. Wolfe and Ms. Gordon have not explained with any particularity that they were unable to contact him regarding the filing of this motion in a timely manner.

As such, the Court agrees with the magistrate judge's conclusion finding that Kennedy failed to act diligently and therefore failed to establish entitlement to amendment under both Rule 15(a)(2) and Rule 16(b). Therefore, the Court OVERRULES Kennedy's first objection.

In Kennedy's second objection, he disagrees with the magistrate judge's conclusion that Curtis would be prejudiced by the untimely amendment/correction of the complaint. (ECF No. 54, at PageID 924). Kennedy argues that "[n]one of the proposed amendments to the complaint create any new allegations or claims against Lt. Curtis[.]" (ECF No. 54, at PageID 924). However, Curtis would still be prejudiced by the delay of the case's progression because it would necessitate reopening discovery. Kennedy initiated this case on October 31, 2019, so this case has been pending for almost three years. (ECF No. 1). The magistrate judge already extended discovery twice (ECF Nos. 40, 43), and Curtis has filed a motion for leave to file a second dispositive motion based on the merits (ECF No. 44). As the magistrate judge noted, "the Sixth Circuit has 'repeatedly held that allowing amendment after the close of discovery creates significant prejudice.'" (ECF No. 51, PageID 575) (quoting *Gormley v. Precision Extrusions, Inc.*, 174 F.App'x 918, 921 (6th Cir. 2006). A defendant "can show prejudice by the fact that discovery will have to be reopened[.]" *Leary v. Daeschner*, 349 F.3d 888, 908-909 (6th Cir. 2003). As such, the Court agrees with the magistrate judge's finding that Curtis would be prejudiced by the untimely amendment/correction of the complaint. Therefore, the Court OVERRULES Kennedy's second objection.

In light of these findings on the first two objections, the Court does not need to address Kennedy's third and fourth objections regarding relation back and futility.

For these reasons, the Court agrees with the analysis and conclusion in the R&R. Accordingly, the Court OVERRULES Kennedy's objection (ECF No. 54) and ADOPTS the magistrate judge's August 10, 2022 Report and Recommendation. (ECF No. 51).

**IT IS SO ORDERED**.

                                                        s/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated:  September 6, 2022