UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KENNEDY,

    Plaintiff,

v.                                       Case No. 19-13210

LT. CURTIS,                     Sean F. Cox
                                                          United States District Court Judge

    Defendant.
_____/

**ORDER
ACCEPTING 1/24/23 REPORT & RECOMMENDATION
AND DENYING DEFENDANT CURTIS'S
SECOND SUMMARY JUDGMENT MOTION**

    On October 31, 2019, Plaintiff David J. Kennedy ("Plaintiff") filed this prisoner civil rights case under 42 U.S.C. § 1983, asserting claims against several Defendants. From November 14, 2019, until February 3, 2021, this case was stayed so that it could participate in the *Pro Se* Prisoner Early Mediation Program. (*See* ECF Nos. 6 & 13). The parties did not reach a settlement in that program.

    After the stay was lifted, this matter was subsequently referred to Magistrate Judge Kimberly Altman for all pretrial proceedings. At this juncture, all of Plaintiff's claims have been dismissed, with the exception of his First Amendment retaliation claim against Defendant Josh Curtis ("Curtis").

    Defendant Curtis filed a summary judgment motion on April 27, 2021, and it was denied. He later sought leave to file a second summary judgment motion, which was granted. On August 15, 2022, Defendant Curtis filed his second motion for summary judgment, arguing that:

1) Plaintiff cannot establish all the requisite elements to prove a First Amendment retaliation claim; and 2) Curtis is entitled to qualified immunity.  (ECF No. 52).

After full briefing by the parties, and oral argument heard on November 29, 2022, Magistrate Judge Altman issued a thirty-page Report and Recommendation on January 24, 2023 (the "R&R") wherein she recommends that the Court reject both challenges and deny the motion.

The matter is now before this Court on Defendant Curtis's objections to the magistrate judge's R&R.  Plaintiff, who is now represented by counsel, filed a timely response to the objections.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews *de novo* any part of the magistrate judge's R&R that has been properly objected to.  This Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

As his first objection, Defendant Curtis asserts that the R&R "incorrectly applie[d] the burden shifting framework established in retaliation cases."  (Def.'s Objs. at 2).  Curtis contends that the magistrate judge erred by not accepting his argument that he is entitled to summary judgment because he established that he would have taken the same action regardless of any protected conduct.  In support of this argument, Defendant Curtis relies on *Bey v. Hissong*, 2022 WL 3969831 (6th Cir. 2022).

Defendant Curtis's second summary judgment motion, however, did not raise that issue. Rather, it argued that the Court should grant summary judgment in his favor because "Kennedy was not engaged in protected conduct, did not suffer an adverse action due to any protected conduct, and can only show a temporal proximity of events."  (Def.'s Br. at v) (Concise

Statement Of Issues Presented). Those are the legal arguments that Defendant Curtis raised in his motion. While Defendant Curtis cited *Bey v. Hissong* in his motion, he cited that case in support of a different challenge – his argument that Plaintiff could not establish an adverse action. (*See* Def.'s Br. at 13 & 16).

Defendant did not claim that he was entitled to summary judgment on the ground that he could establish that he would have taken the same action regardless of the protected conduct *until his reply brief.* (*See* Def.'s Reply Br. at 4, "Curtis's undisputed actions prove that despite any protected conduct he would have taken the same action anyways."). This Court does not consider arguments raised for the first time in a reply brief. *See, eg., Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("[E]ven well-developed arguments raised for the first time in a reply brief come too late."). That is because doing so deprives the opposing party of the opportunity to respond to them.

And even when Defendant Curtis raised this new argument in his reply brief, he did not direct the magistrate judge to *Bey v. Hissong* in support of his newly-raised argument that he now asserts in his objections. Moreover, the facts at issue here can easily be distinguished from those presented in *Bey v. Hissong* – wherein the prison guard swore that he personally witnessed the alleged misconduct at issue and swore that he would have issued the misconduct ticket regardless of the prisoner's protected conduct – in any event. Finally, the Court agrees with the magistrate judge's conclusion that, under the factual circumstances presented here, a reasonable jury could infer that Plaintiff's misconduct ticket would not have been written in the absence of a retaliatory motive. (R&R at 26 n.5).

As his second objection, Defendant Curtis asserts that the R&R incorrectly concludes

that Plaintiff's alleged protected conduct is more akin to the conduct found in *Berkshire v. Dahl*." (Def.'s Objs. at 14). Again, the Court disagrees. The Court concurs with the magistrate judge's analysis and her conclusion that the record contains sufficient evidence for a reasonable juror to conclude that Plaintiff's participation in the Warden's Forum is protected conduct for purposes of his First Amendment retaliation claim.

Accordingly, the Court **OVERRULES** Defendant's Objections and **ORDERS** that the January 24, 2022 R&R is **ADOPTED. IT IS FURTHER ORDERED** that Defendant Curtis's Second Motion for Summary Judgment (ECF No. 52) is **DENIED.**

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 6, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2023, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager